HARRIET WALLACE *vs.* LOWELL INSTITUTION FOR SAVINGS.

If money is deposited in a savings bank by the hand of an agent, who signs on the books of the bank the name of the principal only, and receives from the bank and delivers to his principal a deposit book in which the principal is credited with the amount, the principal, after demanding payment from the bank and being refused, and giving them his own affidavit of his ownership, and of the circumstances attending the deposit, may maintain an action against the bank for the money, without tendering them a bond of indemnity; although it is the custom of the bank to require depositors to sign their names when making their first deposit, and not to receive any deposits by one person for the benefit of another unless so entered in their books.

ACTION OF CONTRACT to recover money deposited by the plaintiff with the defendants.

At the trial in the court of common pleas, before *Aiken,* J., a witness on behalf of the plaintiff testified that she saw the plaintiff deliver $41.00 to Mary Adams, with a request to deposit it in the plaintiff's name with the defendants, and to sign the plaintiff's name to the defendants' book ; that she afterwards accompanied Mary Adams to the defendants' bank, and saw her deposit the money in the plaintiff's name, and sign that name upon the defendants' book as the depositor, and at the same time receive from them a deposit book with the plaintiff's name and occupation and the sum of $41.00 entered therein ; that Mary Adams did not disclose to the defendants that she was acting as agent; but that she afterwards delivered the deposit book to the plaintiff, and never claimed it or the money as her own, or went by the name of Harriet Wallace ; that at a subsequent time she saw the plaintiff herself take the book to the bank and deposit $30.00, which was entered therein, but the plaintiff did not disclose to the defendants that she was not the person who made the first deposit. The witness also testified, that at the time Mary Adams made the deposit for the plaintiff the witness took a deposit book, which Mary Adams had for some time had in her own name, and made a deposit for her; and she testified, on cross-examination, that the reason for this was, as the witness supposed, that persons making their first deposit must sign the defendants' book in person.

The plaintiff herself testified to so much of the above facts as took place in her presence, and that she subsequently called at the bank with her book and demanded payment of the money from the defendants, who desired her to write her name, which she did, and they compared it with her name as written by Mary Adams on their signature book, and, discovering the difference between them, refused to pay over the money; that she explained the reason of the difference, and how the first deposit was made, and stated that the money belonged to her, but the defendants refused to pay it over unless she would furnish some reasonable evidence that she was entitled to it, or give them a bond of indemnity; that she afterwards made an affidavit, setting forth in substance the facts to which she now testified, and delivered it to the defendants, but never offered them any bond.

The defendants' treasurer testified that " it always had been the invariable rule and custom of the corporation to require depositors, when making their first deposit with the corporation, if they could write, to sign their names upon the signature book of the corporation; and that, when depositors could not write, they were required to make their mark in the signature book, in the presence of an attesting witness."

The defendants then offered to prove by their treasurer " that it was their invariable practice, custom and usage, on money being deposited with them, to require it to be deposited in the name of the person actually making the deposit; and that when money is deposited by one person for the benefit of another, it must be so stated and entered on the books of the corporation, or they would not receive it." But the court rejected the evidence.

The treasurer also testified, that the defendants identified the owners of deposits by a comparison of their signatures with those written in the book of the corporation at the time of making the deposit; that it was their practice to rely on this evidence alone; and that this was one purpose in requiring the signature of the depositor.

Prefixed to the books given to the plaintiff and to other de-

positors was a printed statement, parts of which were thus: "Deposits will be entered in the books of the institution, and also in a book to be given to the depositor. This book will be evidence of their property, and as valid as a note of hand. When money is drawn out, this book must be brought to the office to have the payment entered." "Persons who put in money must sign the rules, and agree to conform to them." The only article of the rules applicable to this case was this: "All deposits shall be entered in a book, to be given the depositor, which shall be his voucher and the evidence of his property in the institution."

The defendants requested the court to rule, "that they could not be holden to pay the money claimed by the plaintiff, without the production on her part of suitable evidence to their reasonable satisfaction, previously to the commencement of the action, that she was the real depositor of the money and entitled to receive it, or unless she had first tendered a bond of indemnity to save them harmless against the lawful claim of any other person who might demand the money."

But the court declined so to rule; and instructed the jury, that, upon the evidence, the demand of payment made by the plaintiff was sufficient; and that if the sum of $41.00 deposited by Mary Adams with the defendants was the plaintiff's money, and deposited by Mary Adams as her agent at her request, and afterwards the plaintiff personally made the other deposit in her own name, she might recover, notwithstanding Mary Adams did not disclose her agency at the time of the deposit made by her, and the defendants supposed she was depositing the money for herself by the name of Harriet Wallace.

The jury found a verdict for the plaintiff for both sums, and the defendants alleged exceptions.

*B. F. Butler & S. A. Brown*, for the defendants.

*D. S. Richardson*, for the plaintiff.

DEWEY, J. The production of the deposit book of the savings' bank, in the usual form in which such deposits are entered in the books delivered to depositors, and in which the plaintiff is stated to be a depositor of the sums of $41.00 and $30.00, ac-

companied with proof to the jury that the plaintiff is the person described in the book, and that the money was hers and deposited solely on her account, would seem quite sufficient evidence to authorize a jury to find that the money was due to the plaintiff, and, if the defendants had refused to pay it to her on proper demand, would authorize a verdict against them so detaining the money. Such must be the case, unless there is something peculiar in the matter of deposits in savings' banks generally, or this bank in particular, that will defeat the right of the plaintiff to maintain her action.

It is said, on the part of the defendants, that the contract made by them, as to this deposit, was exclusively with the individual personally paying the money. But we see no ground for that assumption. The contract is with the person named in the deposit book as the depositor, not with the servant or agent by whose hand the money is delivered, if the deposit be made through an agent.

Nor do we see how any evidence of a custom of the defendants to require depositors to sign their names upon making the first deposit, or that, when money is deposited by one person for the benefit of another, it must be so stated and entered on the books of the corporation, or they will not receive such deposit, can avail to sustain any right on the part of the defendants to retain to their own use any money of another that they have taken on deposit, and in whose favor they have issued the usual deposit entry. The practice thus offered to be shown is doubtless a very convenient and proper one; one which the defendants have a right to adopt, and to refuse taking any money on deposit unless such condition is complied with. But it cannot avail them, unless they insist upon such condition when the money is offered and accepted as a deposit. Having taken the money offered on deposit, and passed the same to the credit of the real owner on the deposit book, they are bound to account with such person therefor, unless it can be made to appear that there is some palpable violation of the by-laws that would preclude a recovery of the same.

We do not understand that any by-laws of the institution, in

12*

terms, require any such acts as are attempted to be shown to
have been usual, or by custom required in fact. The require-
ment in the by-laws, that the party depositing shall by his
signature signify his assent to the regulations and by-laws,
might be as fully complied with by a signature by an agent, or
by another person writing the name of the depositor, at his
request and in his presence, as by the depositor's own signature.
The question of identity as to the real person who makes the
deposit, and who would be legally entitled to withdraw it,
is doubtless an embarrassing one to the officers of savings'
banks.   The possession of the bank book, containing the
statement of the deposit, would ordinarily be satisfactory evi-
dence on this point; but the possession of the book may have
been obtained by theft or fraud, and therefore something fur-
ther may be convenient and useful for the greater security of
the bank, by way of establishing the fact of identity of a de-
positor.

It is urged upon us, that the defendants, in a case like the
present, would pay at their peril, and that they ought not to be
exposed to an action at law through the acts of the plaintiff's
agent, who by her conduct rendered it thus difficult for the offi-
cers of the bank to determine what person was entitled to this
deposit.   But it cannot be denied that the evidence offered on
the trial relieved the case of all doubt as to who was the real
owner of these funds, and for whom they were held on deposit.
The evidence was full and decisive that it was the plaintiff's
money, and that she alone was entitled to it.

The only hardship in the case is, that the same amount of
evidence was not exhibited to the defendants before the suit
was instituted.   But in addition to the possession of the deposit
book, with an entry to the credit of the plaintiff, which would
be strong presumptive evidence to establish the right of the
plaintiff to the money, the plaintiff had furnished them with her
affidavit, duly subscribed and sworn to, declaring the precise
facts in relation to this deposit as they are now established by
other evidence.   It is true that this affidavit was not that legal
evidence which would be required to prove ordinary facts in a

court of justice; but it added certainly to the probabilities that the plaintiff was the real depositor. It is that species of evidence which is admissible to prove the loss of papers, and authorize the admission of secondary evidence.

The plaintiff, it is true, might have given the defendants a bond with sureties, to save them harmless upon payment of the deposit to her. But this, we think, was not absolutely required of 'her, when no other question arose but that of identity of the depositor. Such security by bond is required in cases where a savings' bank is summoned as trustee of a depositor, and there is, in the opinion of the court, any doubt as to the identity of the principal defendant. *St.* 1850, *c.* 48. That case, however differs materially from the present in the necessity for such a provision; and the bond is there only to be given when, in the opinion of the court, there is a doubt as to the identity of the depositor. That is also a statute provision. There was no statute requiring it here, and no by-law to that effect, and no case that the court can say made such bond a prerequisite to maintaining an action for the deposit. *Exceptions overruled.*